# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-2372

_____

JULIEGHA RAE BAEZ,

 Appellant,

v.

PHILLIP ANTOINE EDWARDS,

 Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
David Stevens, Judge.

July 8, 2026

BILBREY, J.

Juliegha Rae Baez (the Mother) appeals the final judgment of modification entered by the trial court upon her petition for modification and Phillip Antoine Edwards' (the Father) counter-petition for modification of the parenting plan and time-sharing schedule governing the parents and their minor child. Included in the final judgment is the trial court's finding the Mother in contempt of court for interfering with the Father's parenting time and for violating an order compelling discovery. We affirm the final judgment and dismiss the portion of the Mother's appeal challenging the directive that she pay the Father's attorney's fees incurred by his motion for contempt and enforcement as explained below.

The parties' marriage was dissolved in 2017 by a final judgment entered by a Maryland circuit court. Parental responsibility for the parties' minor child was determined by the Maryland court in a custody order and a partial consent order, both entered in August 2018. Under these orders, the parents had "joint legal custody and joint decision-making power" over the child's education and welfare, and the child would reside with the Mother in Florida. The Father remained a resident of Maryland. The orders provided the Father with time-sharing over the summers, spring break, and for alternating holidays.

The circuit court in Santa Rosa County granted the Mother's petition to register the Maryland decrees in 2019, finding that the Mother and the minor child had resided in Florida for the requisite time.[1] In June 2024, the Mother petitioned the Florida court for modification of the Maryland time-sharing orders. She alleged that since the custody order was entered by the Maryland court, a substantial, material, and unanticipated change in circumstances had occurred. *See* § 61.13(3), Fla. Stat. (2024) ("A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial and material change in circumstances and a determination that the modification is in the best interests of the child.").[2] She asserted various failures by the Father to comply with the time-sharing plan and communication requirements under the existing parenting plan. She requested modification of the plan to reduce the Father's time-sharing to supervised visitation at a facility in Pensacola.

---

[1] The circuit court in Santa Rosa County granted the Father's petition to domesticate the Maryland judgment and orders on March 7, 2025. The Florida court's jurisdiction to modify is not at issue on appeal.

[2] Section 61.13(3) previously allowed modification only on "a showing of a substantial, material, and unanticipated change in circumstances." "Unanticipated" was stricken from the subsection as of July 1, 2023, with an amendment contained in Chapter 2023–315, section 2, Laws of Florida. The amendment is immaterial to our disposition of this appeal.

2

The Father responded to the Mother's petition and, in July 2024, filed his supplemental counter-petition for modification of the parenting plan and time-sharing schedule. Like the Mother, the Father alleged that since the entry of the Maryland court's custody order, there had been a substantial and material change in circumstances. He alleged that the Mother had failed to comply with the communication and decision-making requirements under the existing parenting plan and as well as other violations of the Maryland orders.

The Father alleged that the shared parental responsibility ordered by the Maryland court was detrimental to the child and that modification was in the child's best interests. The Father proposed that he have majority time-sharing and ultimate decision-making authority over the child's health and education. He put forward other details of a proposed modified parenting plan, subject to the court's determination of the child's best interest.

For the Christmas break from December 21, 2024, to January 6, 2025, the Mother did not send the child to the Father's home as required under the then-existing parenting plan. The Father moved for contempt, and the Mother responded, explaining her reasons for not providing the Father with court-ordered and scheduled time-sharing.

At the final hearing on both petitions and the Father's pending motions, including his motion for contempt, the trial court found the Mother in contempt for refusing to honor the Father's time-sharing for the 2024 to 2025 Christmas break "without proper cause." *See* § 61.13(4)(c), Fla. Stat. The court found the parties agreed that there was a substantial, material, and unanticipated change of circumstances "warranting modification of the previous order." And based on its review of the evidence, the court made a finding that there "has been a substantial and material change in circumstances since entry of" the Maryland orders and "that a modification is in the child's best interests."

In support of its general finding on the child's best interest, the court made specific written findings on each of the statutory factors for its determination under section 61.13(3)(a)–(t), Florida Statutes. The court granted the Father's motion for contempt,

3

found the Mother in contempt, and ordered make-up time sharing for the Father. The court denied the Mother's verified supplemental petition for modification and granted the Father's supplemental counter-petition for modification. The court ordered that the Father "shall exercise the majority of timesharing with the child" and adopted the Father's proposed parenting plan. The court specified that it found the Father's proposed plan "in the child's best interest."

The court ordered each party to pay their own attorney's fees for the modification proceedings but ordered the Mother to pay the Father's attorney's fees for his three motions, including his motion for contempt and enforcement. The Mother then brought this appeal.

On appeal, the Mother first challenges the modification judgment on grounds that the Father failed to prove the required "substantial and material change in circumstances" to support modification. *See* § 61.13(3), Fla. Stat. She argues that the court erroneously found that the parents stipulated and agreed that a substantial change in circumstances warranting modification occurred.

We apply a de novo standard of review to a trial court's interpretation of law in an order or judgment modifying a parenting plan. *Harrell v. Friend*, 388 So. 3d 1086, 1090 (Fla. 1st DCA 2024). If the trial court correctly applied the law, we review "an order modifying timesharing for abuse of discretion, although the discretion afforded a trial court in a modification proceeding is narrower than in an initial timesharing determination." *Light v. Kirkland*, 311 So. 3d 896, 897 (Fla. 1st DCA 2020) (citations omitted). Here, our review of the evidence supporting the trial court's finding is curtailed by the Mother's failure to submit a transcript of the final hearing or a stipulated statement of the evidence. *See* Fla. R. App. P. 9.200(b). "Because no transcript exists of the hearing . . . our review is limited to the pleadings, judgment dissolving the marriage, post-judgment orders, and arguments of counsel." *Bryant v. Bryant*, 882 So. 2d 1066, 1066 (Fla. 5th DCA 2004).

The pleadings support the trial court's finding that the parties agreed that a substantial and material change of circumstances

4

warranting modification occurred. The Mother, as the petitioner, alleged such change in circumstances in her petition. The Father, as the counter-petitioner, alleged the same. Although they alleged different changed circumstances, neither party requested maintenance of the status quo under the original custody orders entered by the Maryland court. Under Florida law, "a party is bound by the party's own pleadings." *Fernandez v. Fernandez*, 648 So. 2d 712, 713 (Fla. 1995); *see also Holub v. Holub*, 54 So. 3d 585, 587 (Fla. 1st DCA 2011) (holding a party is bound by their pleadings and "admissions in pleadings need not be proven further"). Thus, "a party cannot allege one state of facts for one purpose and at the same action or proceeding deny such allegations and set up a new and different state of facts inconsistent thereto for another purpose." *Ash v. Ash*, 332 So. 3d 563, 567–68 (Fla. 3d DCA 2021) (quoting *Federated Mut. Implement & Hardware Ins. Co. v. Griffin*, 237 So. 2d 38, 41 (Fla. 1st DCA 1970)).

In addition to the parties' allegations in their pleadings, the trial court stated in the final judgment that it found a requisite change in circumstances based on its review of the evidence. The parties' contested facts about violations of the time-sharing schedule by the other parent do not invalidate the court's finding based on its review of the evidence.

Next, the Mother appeals the trial court's finding that modification was in the child's best interest. She argues her disagreement with the court's factual findings on the statutory factors under section 61.13(3)(a)–(t). But as with her first issue, the Mother did not provide a transcript of the final hearing or a statement of the evidence. "[I]n the absence of an adequate record on appeal, a judgment that is not fundamentally erroneous must be affirmed." *Bryant,* 882 So. 2d at 1066 (citing *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979)). Without a transcript in the record, "the trial court's factual findings are presumed correct, and our review is limited to errors apparent on the face of the judgment." *O'Connor v. O'Connor*, 184 So. 3d 1149, 1149 (Fla. 2d DCA 2015).

The face of the final judgment of modification does not demonstrate error. Here, like in *Thomas v. Joseph*, 280 So. 3d

1107, 1110 (Fla. 1st DCA 2019), "[t]he face of the amended order on the supplemental petition to modify does state the court's finding that 'an unforeseen substantial change in circumstances has been shown,' and the absence of a transcript precludes appellate review of this finding of fact." Unlike *Thomas*, where the modification was reversed, the modification judgment here goes on to determine the child's welfare and best interests based on the court's findings on each statutory factor under section 61.13(3)(a)–(t).

Finally, the Mother appeals the trial court's order that each party pay their own attorney's fees for the modification action and that the Mother pay the Father's attorney's fees incurred for his motion for contempt and enforcement. She argues that these rulings violate section 61.16, Florida Statutes, because the Mother's income is much less than the Father's. But the Mother never requested attorney's fees under section 61.16 in her pleadings. It would have been error for the trial court to apply section 61.16 when not specifically pleaded. *Longmeier v. Longmeier*, 921 So. 2d 808, 809 (Fla. 1st DCA 2006).

Even if she had specifically requested attorney's fees under section 61.16, the Mother's argument overlooks the trial court's finding her in contempt of court for refusing to honor the Father's timesharing for the 2024 to 2025 Christmas break. Section 61.16(1) prohibits an award of attorney's fees "to the noncompliant party" where "an action is brought for enforcement and the court finds that the noncompliant party is without justification in the refusal to follow a court order." We therefore affirm the trial court's refusal to award attorney's fees to the Mother.

As for the court ordering in the final judgment the Mother to pay the Father's attorney's fees incurred for his motion for contempt and enforcement, this was authorized by section 61.13(4)(c)2. Section 61.16 does not apply to that award. *See Lett v. Lett*, 408 So. 3d 167, 170–71 (Fla. 5th DCA 2025). And because the court reserved jurisdiction to determine the amount of these fees, this portion of the judgment is not a final, appealable order. *See Anderson v. Durham*, 162 So. 3d 65, 66 (Fla. 1st DCA 2014). Accordingly, this portion of the appeal is dismissed. *See Wolf v. Wolf*, 296 So. 3d 479, 489 (Fla. 2d DCA 2020).

AFFIRMED in part and DISMISSED in part.

LEWIS and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica L. Scholl of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellant.

Phillip Antoine Edwards, pro se, Appellee.